IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

**TIRRELL A. MORTON,**

    **Plaintiff,**

**v.**                                                   **CIVIL ACTION NO. 3:12-cv-122**
                                                           **(Judge Groh)**

**EASTERN REGIONAL JAIL,**
**JOHN SHEELEY, Administrator, Eastern Regional Jail,**
**GOV. EARL RAY TOMBLIN, Governor of the State of West Virginia.**

    **Defendants.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On October 12, 2012, *po se* Plaintiff, Tirrell Morton, initiated this case by filing a *pro se* civil rights action against the defendants noted above . (Doc. 1). In the Complaint, Plaintiff alleges that the named defendants are violating his First Amendment right to freedom of religion by failing to provide Islamic worship services, religious study classes, prayer materials, or staff at the Eastern Regional Jail. [Comp. at 7]. The Plaintiff also asserts violations of the Eight Amendment's protection against cruel and unusual punishment, citing alleged drain malfunction and mold growth in the prison showers, a lack of fire extinguishers and safety ladders, and an unavailability of grievance paperwork as evidence of his claim. (Doc. 1, p.8).

On October 15, 2012, Plaintiff was granted leave to proceed *in forma pauperis*, with his initial partial filing fee due within (28) twenty-eight days. (Doc. 6 p. 2). On November 16, 2012, twenty dollars ($20.00) was paid toward the plaintiff's partial initial filing fee.(Doc. 10). On December 6, 2012, the plaintiff filed a letter indicating that, due to his transfer to a different correctional facility, he was no longer able to generate an income, and thus had insufficient funds

to pay the remained of his initial filing fee. Thereafter, the Court, construing the plaintiff's letter as a Motion to Reconsider, granted the same on January 6, 2013, and waived the remainder of the initial filing fee. (Doc. 14, pp. 2-3). Therefore, this matter is now before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915(e).

## I. Standard of Review

The plaintiff is a prisoner seeking relief from a governmental entity or a governmental employee. (Doc. 1. p.1). Therefore, the Court must perform a judicial review of this complaint, and shall dismiss this case if the Court finds it to be frivolous or malicious, if it fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such a judgment. 28 U.S.C. § 1915A(b).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Johnson v. Silvers*, 742 F.2d 823, 824 (4th Cir. 1984)(holding that a court may not dismiss an *in forma pauperis* claim as frivolous "unless it finds that the plaintiff would not be entitled to relief 'beyond doubt,' and under any arguable construction, both in law and in fact."). However, a complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous, *see id* at 328, as *pro se* allegations are to be construed in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 319, 325 (1972). Courts may dismiss an *in forma pauperis* complaint for frivolity only when the *pro se* plaintiff presents them with "a claim based on an indisputably meritless legal theory," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), or a "fantastic or delusional" factual scenario. *Neitzke* at 328.

## II. Analysis

42 U.S.C. § 1983 provides as follows:

2

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the Plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. *See Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982). In the alternative, a plaintiff may state a claim through a showing that a governmental entity deprived him of his rights when the cause of the plaintiff's grievance "may be fairly said to represent official policy." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

**1. The Eastern Regional Jail is not a proper defendant.**

The Eastern Regional Jail is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. 1983). Accordingly, the plaintiff's claim against the jail should be dismissed. The plaintiff has additionally not identified any facts which would tend to show that the alleged conditions of which he complains are the execution of official organizational policy. *See Monell* at 694.

**2. Mr. John Sheeley, Administrator of the Eastern Regional Jail, and Gov. Earl Ray Tomblin, Governor of the State of West Virginia, are not proper defendants.**

In his complaint, the plaintiff makes no allegations that any particular conduct of either of

the above-mentioned defendants, Mr. Sheeley or Gov. Tomblin, resulted in a violation of any constitutional right of the plaintiff. The plaintiff instead appears to name Mr. Sheeley and Gov. Tomblin only in their official capacities, as Eastern Regional Jail Administrator and Governor of West Virginia respectively, to answer for the alleged conduct of the Eastern Regional Jail and the State of West Virginia.

Claims against individual officers of an organization in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)(internal citations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. *Id.* at 166. Because the plaintiff has made no allegations that would support a finding that the complained-of conditions were the result of official policy or custom, either of the Eastern Regional Jail or the State of West Virginia, neither Mr. Sheeley nor Governor Tomblin are proper defendants in a § 1983 action, both should be dismissed as defendants. *See Monell* at 694.

## IV. Recommendation

In consideration of the foregoing, it is the recommendation of the undersigned that the plaintiff's Complaint **DISMISSED with Prejudice** for failure to state a claim upon which relief can be granted.

Within (14) fourteen days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States 0District Judge. Failure to timely file objections to the Recommendation set forth above will result

4

in waiver of the right to appeal from a judgment of this Court based on such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 6-14-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE