**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TIRRELL A. MORTON,**

       Plaintiff,

**v.**                                               **CIVIL ACTION NO. 3:12-CV-122
(JUDGE GROH)**

**EASTERN REGIONAL JAIL;
JOHN SHEELEY, Administrator,**
Eastern Regional Jail; and
**GOV. EARL RAY TOMBLIN,**
Governor of the State of West Virginia,

       Defendants.

**ORDER GRANTING MOTION TO AMEND COMPLAINT AND ADOPTING IN PART,
AND DECLINING TO ADOPT IN PART, REPORT AND RECOMMENDATION**

**I.**    **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By standing order pursuant to Local Rule of Prisoner Litigation Procedure 2, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R & R"). Magistrate Judge Joel filed his R & R on June 14, 2013 [Doc. 24]. In the R & R, the magistrate judge recommends that this Court dismiss with prejudice the Plaintiff's state civil rights complaint made pursuant to 42 U.S.C. § 1983 [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to timely file objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Joel's R & R were due within fourteen days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The Plaintiff timely filed objections on July 3, 2013. Accordingly, the Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which the Plaintiff objects. The Court will review the remainder of the R & R for clear error.

## II. Factual and Procedural History

The Plaintiff is an inmate who was previously held by the State of West Virginia at the Eastern Regional Jail ("ERJ") in Martinsburg, West Virginia pursuant to state-level criminal charges. On October 12, 2012, the Plaintiff initiated this case by filing a *pro se* civil rights action against the defendants named above pursuant to 42 U.S.C. § 1983. In his Complaint, the Plaintiff alleges that the Defendants violated his First Amendment right to free exercise of religion and the Eighth Amendment's protection against cruel and unusual punishment.[1] The Plaintiff's allegations are fairly comprehensive in nature and include the

---

[1] The Plaintiff also appears to allege a violation of his Fourteenth Amendment rights. ([Doc. 1] p. 16.) To state a claim for relief under this amendment's Equal Protection Clause, the Plaintiff must show that he "has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result

2

following: (1) a lack of Islamic worship services, study classes, study materials, etc. at the ERJ; (2) improper plumbing and sanitation at the ERJ, including improper drainage, unclean showers, mold in showers, and inadequate linen exchange; (3) inadequate fire prevention equipment at the ERJ, including a lack of adequate fire drills or fire extinguishers; (4) overcrowding at the ERJ due to the addition of top bunks that caused inmates to sleep on floors and lacked safety ladders for top-bunk occupants; (5) a lack of grievance forms available to inmates at the ERJ; (6) inadequate security rounds by ERJ staff to ensure inmate safety; (7) constant lighting within the ERJ that is detrimental to inmate health and well-being; (8) unsanitary food preparation and service at the ERJ, and a lack of adequate nutrition in food which is served; (9) generally unsanitary conditions within the ERJ, including a lack of available cleaning supplies and inadequate ventilation; (10) a lack of secured USPS boxes at the ERJ for outgoing inmate mail; and (11) inadequate medical treatment and staff at the ERJ. The Plaintiff alleges that these conditions have caused him "excessive mental anguish," infringed on his constitutional rights, endangered his welfare, caused him to be "assaulted by staff," and denied him his "religious practice and beliefs." ([Doc. 1] pp. 8, 16.)

On October 15, 2012, the Plaintiff was granted leave to proceed *in forma pauperis*,

---

of intentional or purposeful discrimination." **Morrison v. Garraghty**, 239 F.3d 648, 654 (4th Cir. 2001). Because the Complaint raises no such allegations, the Court construes the Plaintiff's reference to the Fourteenth Amendment as a claim made under its Due Process Clause. If the Plaintiff is a pre-trial detainee, the protections of the Constitution, such as the Eighth Amendment, apply to him through this clause. *See* **Bell v. Wolfish**, 441 U.S. 520, 535 n.16 (1979). While it is unclear in the Complaint whether the Plaintiff is a pre-trial detainee, the same Constitutional rights apply to him regardless of whether they apply to him directly or through the Fourteenth Amendment. *See id.*

with his initial partial filing fee due within twenty-eight days [Doc. 6]. On November 16, 2012, the Plaintiff paid twenty dollars toward this fee [Doc. 10]. On December 6, 2012, the Plaintiff filed a letter indicating that, due to his transfer to a different correctional facility, he had insufficient funds to pay the remainder of his initial filing fee as he could no longer generate income [Doc. 12]. The Court, construing the Plaintiff's letter as a motion to reconsider, waived the remainder of the initial filing fee [Doc. 14]. The magistrate judge screened the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b), and, on June 14, 2013, entered an R & R that recommended dismissing all defendants [Doc. 24]. On July 3, 2013, the Plaintiff filed his objections to the R & R and a Motion to Amend his Complaint [Doc. 26].

### III. Discussion

#### A. Motion to Amend

The magistrate judge found that the ERJ is not a proper defendant because it is not a person subject to suit under § 1983. The Plaintiff does not object to this finding. Rather, he "moves to amend his complaint by dismissing the complaint against Eastern Regional Jail and just filing his suit against [Defendants Sheeley and Tomblin]." ([Doc. 26] p. 1.)

Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint "once as a matter of course within . . . 21 days after service of a responsive pleading." Because the Defendants have not filed an answer to the Plaintiff's Complaint, the Plaintiff may amend his Complaint without the Court's approval. The fact that the Plaintiff moved for leave to amend does not divest him of his ability to amend his Complaint as a matter of course. See **St. John v. Moore**, 135 F.3d 770, 1998 WL 71516, at *1 (4th

4

Cir. Feb. 23, 1998) (per curiam) (finding a district court abused its discretion by denying a motion to amend a complaint made before the time to amend as of course expired). Accordingly, the Court grants the Plaintiff's motion to amend his Complaint such that it only names John Sheeley, the Administrator of the Eastern Regional Jail, and Earl Ray Tomblin, the Governor of West Virginia, as defendants. It also declines to adopt the magistrate judge's finding as to the ERJ because the Plaintiff's amended Complaint renders it moot.

**B. Objection to R & R**

The magistrate judge recommended finding that John Sheeley and Governor Tomblin are not proper defendants because the Plaintiff has not stated a claim for holding them liable in their personal or official capacities. The Plaintiff objects to this recommendation as follows[2]:

> Petitioner contends that John Sheeley and Earl Ray Tomblin worked for the state, city, county or other local government at the time my rights were violated. [T]herefore this complaint applies to the defendants because they are Under Color of State Law.
>
> . . . All you need to show is that the person you are suing was working for the prison system. That would be John Sheeley he was the Jails Administrator. Or you need to show that the person you are suing was working for the State or local government. That would be Earl Ray Tomblin he is the Governor. So they were both employed at the time of these acts Petitioner is suing about. Which make both defendants were acting "Under Color of State Law" when Petitioner's rights were violated and both defendants were on the job exercising the power that comes from their position of authority.

([Doc. 26] p. 1.)

---

[2] The Plaintiff also asserts that the court "legally abandon[ed]" the substance of his claims. ([Doc. 26] p. 2.) It appears that he objects to the fact that the R & R did not address the conditions at the ERJ. This objection is without merit because the R & R only considered whether the Plaintiff brought claims against proper defendants.

5

### i. Applicable Law

Upon receiving a complaint from a prisoner that "seeks redress from a governmental entity" or such entity's officer or employee, a court must review it and dismiss all or any part of it that "is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The standard of review applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) determines whether a complaint fails to state a claim upon which relief can be granted. **De'Lonta v. Angelone**, 330 F.3d 630, 633 (4th Cir. 2003) (citing **DeWalt v. Carter**, 224 F.3d 607, 611-12 (7th Cir. 2000)). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007). Although a complaint need not contain "'detailed factual allegations,'" it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009) (citing **Twombly** 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Id.* (quoting **Twombly**, 550 U.S. at 555, 557). **Twombly**'s plausibility standard applies to *pro se* complaints, see **Giarratano v. Johnson**, 521 F.3d 298, 304 n.5 (4th Cir. 2008), but the court must construe such a complaint liberally. **Beaudett v. City of Hampton**, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, when reviewing a Rule 12(b)(6) motion, a court must assume that the complaint's well-pleaded allegations are true, resolve all doubts and inferences in favor of

6

the plaintiff, and view the allegations in a light most favorable to the plaintiff. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243-44 (4th Cir. 1999).  Only factual allegations receive the presumption of truth. *See **Iqbal***, 556 U.S. at 678-79.  A court may also consider facts derived from sources beyond the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. ***Philips v. Pitt Cnty. Mem'l Hosp.***, 572 F.3d 176, 180 (4th Cir. 2009).

>42 U.S.C. § 1983 provides that:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A plaintiff can hold a state official liable in a § 1983 suit in two ways.  *See **Kentucky v. Graham***, 473 U.S. 159, 165-66 (1985).   First, a plaintiff can establish that the official is liable in his personal capacity by "show[ing] that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166.  Second, a state official may be sued in his official capacity for prospective injunctive relief. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 n.10 (1989).  "More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." ***Graham***, 473 U.S. at 166 (internal quotation marks and citations omitted).

7

**ii. Analysis**

As a primary matter, in and of themselves, neither employment in the prison system nor by the State of West Virginia establish that the Defendants acted under color of state law for purposes of personal-capacity liability. To be so liable, each Defendant must have had taken some action that caused the alleged violations of the Plaintiff's constitutional rights. *See id.* Defendant Sheeley's position as the administrator of the ERJ and Governor Tomblin's employment by the State of West Virginia did not cause any such violations. These facts alone therefore are not sufficient to state a claim for personal liability. *See id.*

However, the Plaintiff has stated one plausible claim for holding the Defendants liable under § 1983. Claim Four of the Complaint concerns alleged overcrowding at the ERJ due to double bunking, ([Doc. 1] p. 8.), which the Court construes as raising a violation of the Eighth Amendment. *See **Strickler v. Waters***, 989 F.2d 1375, 1379-81 (4th Cir. 1993) (recognizing that double bunking could constitute cruel and unusual punishment in violation of the Eighth Amendment). This claim contains the following supporting facts: that "[a]ll parties approved top bunks to be added which increased the population capacity to exceed the legal limit of people in a structure as well as violated inmates 14 amendment by making inmates sleep on the floor causing safety hazards." ([Doc. 1] p. 8.) Assuming that the Defendants did approve the addition of top bunks, such approval is alleged to have caused the overcrowding at issue. Thus, because the Complaint alleges facts showing that Defendant Sheeley and Governor Tomblin played a part in the double bunking of inmates that underlies this claim, it states a plausible

8

basis for holding them liable.[3]  See **Graham**, 473 U.S. at 166; **Strickler**, 989 F.2d at 1379-81.  The Court therefore **SUSTAINS** the Plaintiff's objection to the R & R's determination that he had not pled a basis for liability of the Defendants as to Claim Four of the Complaint.  But, as discussed next, the Plaintiff has stated no other claim against the Defendants upon which relief can be granted.

The Complaint does not state a claim for holding the Defendants liable in any capacity for his First Amendment claim.  It only asserts that the Defendants "allowed for [the Plaintiff's] religious beliefs and practices to be infringed upon" and that they "knew of" conditions that violated his rights.  ([Doc. 1] p. 7.)  Knowledge of these conditions alone does not support personal-capacity or official-capacity liability as it is neither conduct that caused the alleged First Amendment violation nor an allegation concerning "an official policy or custom."  See **Graham**, 473 U.S. at 166; **Fisher**, 690 F.2d at 1143.  Accordingly, in the absence of any other factual allegations that could support liability, the Court **OVERRULES** the Plaintiff's objection related to his First Amendment claim.

The same is the case for the claims stemming from the Complaint's allegations concerning plumbing and sanitation, fire prevention equipment, grievance forms, security rounds, lighting, the quality and preparation, unsanitary conditions, USPS boxes, and medical treatment and staff.  Like with the First Amendment claim, the Complaint does not allege that the Defendants took actions concerning these conditions or that there was a policy or custom underlying them.  See ([Doc. 1] pp. 7-15.)  Indeed,

---

[3]  Because the Court finds that the Complaint supports a personal-capacity action, it does not reach the issue of whether it states a claim for official-capacity liability.

9

many of these conditions are merely listed in a handwritten continuation of the Complaint that makes no mention of either Defendant other than the fact that it is addressed to Defendant Sheeley. *See id.* at 9-15. The Complaint at most alleges that the Defendants knew that there was improper plumbing, improper sanitation, and no fire prevention equipment. *See id.* at 8. But, as noted earlier, knowledge of such conditions alone is not sufficient to state a plausible claim for holding the Defendants liable in their personal or official capacities under § 1983. *See **Graham***, 473 U.S. at 166; ***Fisher***, 690 F.2d at 1143. The Court therefore **OVERRULES** the Plaintiff's objection to the extent that it contends he has stated a claim for holding the Defendants liable for claims arising from these conditions.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** the Plaintiff's Motion to Amend his Complaint. It is **ORDERED** that this case proceed only against John Sheeley and Governor Earl Ray Tomblin. Because the Plaintiff has amended his Complaint to remove the Eastern Regional Jail as a Defendant, the Court **DECLINES TO ADOPT** the magistrate judge's recommendation that the Court dismiss the Eastern Regional Jail from this action.

As for the Plaintiff's objection to the R & R, the Court **SUSTAINS** it only as to Claim Four of the Complaint. It therefore is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and hereby is, **ADOPTED IN PART**. The Court **DECLINES** to adopt the magistrate judge's recommendation that Claim Four of the Complaint against John Sheeley and Governor Earl Ray Tomblin be dismissed.

The Court **ADOPTS** the Report and Recommendation only so far as it recommends dismissal of the remaining claims raised against these Defendants. Accordingly, the Court **DISMISSES** all claims against John Sheeley and Governor Earl Ray Tomblin except for Claim Four of the Complaint.

The Clerk is **DIRECTED** to forthwith issue **twenty-one (21) day** summonses for John Sheeley and Governor Earl Ray Tomblin. The summonses should be directed to the Defendants at the addresses provided by the Plaintiff. The Clerk is further **DIRECTED** to forward a copy of this Order, a copy of the Complaint, a completed summons and a completed Marshal 285 Form for each of the individual Defendants to the United States Marshal Service. The Marshal Service shall serve the Defendants within **thirty (30) days** from the date of this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and the *pro se* Plaintiff.

**DATED:** December 30, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE